### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-05755-DD |
| Anthony Madison, | Chapter 13 |
| Debtor. | **ORDER** |

This matter is before the Court on a Motion for Relief from Stay ("Motion") filed by Household Finance Corporation II ("Creditor"). Creditor filed its Motion on September 27, 2010. Anthony Madison ("Debtor") filed his Response on October 12, 2010. A hearing was held on Creditor's Motion on October 18, 2010. The parties were instructed to submit briefs to the Court and did so on October 25, 2010. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.

### **FINDINGS OF FACT**

Debtor purchased a residence located at 180 Gardner Road, North, South Carolina in April 1995. That property later became encumbered by a mortgage with Creditor, which Debtor executed February 20, 1998. The mortgage was recorded February 25, 1998. The original amount of the mortgage was $58,500 dollars, with 12.7% interest. Sometime thereafter, Debtor defaulted on the mortgage and Creditor commenced foreclosure proceedings. The Master in Equity for Orangeburg County entered a Judgment of Foreclosure and Order of Sale on July 13, 2010, ordering that the property be sold at public auction "after due advertisement." On July 13, 2010, the date the Order was entered, the total amount Debtor owed on the mortgage was $71,274.01. Debtor asserts a value of $70,000 for the residence.

The Notice of Sale reflects advertising dates of July 16, 23 and 30, 2010. The advertisements were actually published in The Times and Democrat, an Orangeburg newspaper,

on July 17, 23, and 30. The property subject to Creditor's lien was sold on August 2, 2010, the date listed in the Notice of Sale. The Order of Sale states that a deficiency judgment was waived; as a result, the sale was final on the day it occurred and was not required to remain open for an additional thirty days. *See* S.C. Code § 15-39-720 (1976); S.C. Code § 15-39-760. Creditor purchased the property at the sale and the Master signed a deed on August 17, 2010. Debtor filed for chapter 13 relief on August 11, 2010.

## **CONCLUSIONS OF LAW**

There is a long line of cases in this district stating that after the hammer falls at a judicial sale, the debtor has only bare legal title. This is so even if the deed is not filed before a bankruptcy petition is filed by a debtor. *See In re Riverfront Properties, LLC*, 405 B.R. 570, 573 (Bankr. D.S.C. 2009) (holding that because the sale remained open when the debtor filed bankruptcy, the debtor held more than bare legal title); *In re Holmes*, 1999 WL 33486090, at *2 (Bankr. D.S.C. 1999) ("A pre-petition foreclosure sale generally terminates all interest that a debtor may have in the property, 'regardless of when the deed to the property is delivered' . . . . all [the debtor] has is bare legal title in the property."). *See also In re Watts*, 273 B.R. 471, 474 (Bankr. D.S.C. 2000) (quoting *Holmes,* noting the similarities in the cases, and ultimately finding that "Debtor had neither a legal nor equitable interest in the property . . . after 'the hammer fell,'"). As a result, if the sale was properly completed prior to Debtor's bankruptcy filing, Creditor should be entitled to relief to finish any administrative tasks necessary to complete the sale. *See Riverfront Properties*, 405 B.R. at 573 ("The threshold issue is whether the foreclosure sale terminated [the debtor's] interest in the two parcels of real estate, leaving it with bare legal title which would be extinguished upon the performance of mere ministerial acts by the judicial sales officer.").

Relying on this line of cases, Creditor argues that because the sale was properly advertised and actually occurred prior to Debtor's bankruptcy filing, it is now the owner of the property. Creditor requests that it be granted relief from the automatic stay in order to complete any steps remaining in the sale process and to take possession of the property. Debtor responds that the sale was not properly advertised and therefore Creditor is not the owner of the property and should not be granted relief from the automatic stay.

State law governs foreclosure sales.[1] Two statutory provisions are at issue. Section 15-29-60 of the South Carolina Code of Laws provides, in relevant part, "All notices for the sale of any real estate under execution or order of court shall be advertised for twenty-one days, that is to say once a week for at least three weeks prior to such sale." S.C. Code § 15-29-60. Section 15-29-30, a related provision, states:

> When the statute requires a notice to be published in a newspaper for three weeks or twenty-one days the publication of such notice in three successive weeks shall be sufficient if at least sixteen days shall have expired after the date of the first publication and on or before the date fixed for the doing of the thing of which notice is given.

S.C. Code § 15-29-30. These sections considered together provide that a judicial sale does not actually have to be advertised over a period of twenty-one days, but must only be advertised during three consecutive weeks. The subject property can be sold as soon as the sixteenth day after the first publication of the advertisement. *See also Alexander v. Messervey*, 35 S.C. 409, 14 S.E. 854, 855 (1892) ("[W]here a sale has been advertised in a newspaper once a week for the three weeks preceding the sale, the requirement of the statute has been met."). Debtor concedes in his brief that a twenty-one day advertisement period is not required. However, Debtor argues

---

[1] *See Butner v. United States*, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *In re Davis*, C/A No. 02-12431-W (Bankr. D.S.C. Nov. 27, 2002) ("[T]his Court believes that the state court is in a better position to address this specific issue regarding the conduct of the [foreclosure] sale . . . .").

that these statutes require sixteen days to elapse before the sale can occur, meaning that the first day the sale can occur is on the seventeenth day after the date of first publication. Debtor reads section 15-29-30 as providing "if at least sixteen days shall have expired . . . before the date fixed for the doing of the thing of which notice is given." However, Debtor ignores the words "on or." These words awkwardly but unambiguously provide that the expiration of the sixteenth day can occur on the day of the sale. The Court rejects Debtor's argument that section 15-29-30 prohibits a sale from occurring on the sixteenth day after the first publication of the Notice of Sale.

Debtor's remaining argument is that in order for the sale to be proper, the advertisement must be published on the exact dates reflected in the Notice of Sale. Debtor contends that the Notice of Sale is an order of the Master in Equity and that the sale must strictly comply with the terms of it. This is not the case. A Notice of Sale is not an order, but simply an advertisement providing notice to interested parties of an impending sale. *See Ex parte Johnson*, 371 S.C. 614, 616 n.1, 640 S.E.2d 887, 888 n.1 (Ct. App. 2006) ("[If] there is a conflict between the terms of the foreclosure order and [ ] Notice of Sale, the law is settled that the foreclosure order controls."); *Bonney v. Granger*, 300 S.C. 362, 364, 387 S.E.2d 720, 722 (Ct. App. 1990) ("The Notice of Sale does not set forth the conditions of sale, but refers to the prior order authorizing the sale.") As a result, the advertising dates set forth on the Notice of Sale were not controlling, and the failure to strictly comply with those publication dates is not fatal. The publication of the Notice of Sale on July 17 instead of July 16 does not render the foreclosure sale invalid. *See Alexander*, 14 S.E. at 856 (citing with approval *Maddox v. Sullivan*, 2 Rich. Eq. 7 (1845), for the proposition that failure to strictly comply with advertising requirements regarding a sale under execution "is a mere irregularity, and does not vitiate the sale" and, finding this same logic

applies to sales made under an order of the court, holding that the foreclosure sale that occurred was valid). The sale was therefore not procedurally deficient.

Creditor is seeking relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause. That section states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest.

Where debtor has been divested of all but bare legal title through a foreclosure sale, cause exists to grant relief from the automatic stay to permit Creditor to conclude any act remaining in the sale process and take possession of the property.

## CONCLUSION

The sale was in compliance with South Carolina law. As a result, the sale was proper and Debtor was divested of all but bare legal title. Creditor's Motion for Relief from Stay should be granted to permit completion of any ministerial act required in the foreclosure process and to allow Creditor to take possession of the premises.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/03/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 11/04/2010